NOVEMBER 30, 1954

**No. 58561.**—S. J. Charia & Co. *v.* United States, protests 194548–K/14153, 197913–K/14163, and 197914–K/14165 (New Orleans).—

PER CURIAM: The second division of this court rendered its decision and judgment in this case September 30, 1954 (33 Cust. Ct. 107, C. D. 1642), overruling plaintiff's protests.

On October 27, 1954, plaintiff filed a timely motion for a retrial.

The case was partly tried before Judge William A. Ekwall at New Orleans where Steven J. Charia appeared as a witness for the plaintiff, and Luka Yurkovich for the defendant. At the close of the trial in New Orleans, the case was transferred to New York, where the hearing was continued before the three members of division two and the case was submitted. At this hearing, Steven J. Charia appeared and gave rebuttal testimony, and the division had an opportunity to observe the bearing, demeanor, and character traits of said witness Charia.

In support of its motion, plaintiff makes the following allegations, *inter alia*:

That at the trial of the said protests on circuit in New Orleans, Louisiana, on July 9, 1953, before Honorable William A. Ekwall, the Defendant attempted to impeach and discredit the character, reputation and veracity of the only witness for the Plaintiff, Mr. Steven J. Charia, the owner of the S. J. Charia & Co., the Plaintiff herein, through the testimony of one Luka Yurkovich who did testify under oath on record pages 243–249 that said Mr. Charia was not honest and that his reputation was bad.

At said hearing in New Orleans Judge Ekwall was able to observe personally the bearing, demeanor and character traits of said witness Yurkovich and was in a position to form an opinion about the merits of the attack upon the reputation and veracity of said witness Charia.

Upon motion by the Defendant, and over the objections of the Plaintiff (Record page 250), and in accordance with Rule 3 (R), 40 and 41 of this Court, this case was subsequently transferred to New York and scheduled for hearing in New York, N. Y. on November 9, 1953, before the Second Division of this Court composed of Judges Charles D. Lawrence, Paul P. Rao, and Morgan Ford, not Judge William A. Ekwall.

On October 13, 1953, before said date of hearing at New York (11/9/53) Plaintiff filed a motion for an order by the Chief Judge to assign Judge Ekwall to the Second Division for the further proceedings and decision in this case, which action was made in accordance with Rule 2 (c) of this Court as well as under the statutory provision (28 U. S. C. 254) stating that "The chief judge may * * * when necessary assign other judges to any division." Said motion was denied by Judge Webster J. Oliver, Chief Judge, on November 4, 1953.

Since Judge Ekwall the only judge of the United States Customs Court who personally observed the witness who made the attack upon Steven J. Charia, did not participate in the further action in this case, and since none of the three judges of the Second Division who passed upon and decided the facts and issues raised herein had the benefit of this personal observation on a point involving the credibility of a witness, particularly where such witness was the owner of the Plaintiff concern, Plaintiff claims that he has not had a fair and impartial trial, that he has been harmed, and that he has been denied due process of law in violation of his rights under the Fifth Amendment to the Constitution of the United States of America—See authorities cited in *Geo. S. Bush & Co. v. United States*, 22 Cust. Ct. 158, C. D. 1175; and *United States* v. *Nugent*, 100 Fed. (2nd) 215.

An examination of the record discloses that plaintiff did not file an exception to the order of Chief Judge Oliver denying its motion to have Judge Ekwall assigned to the second division, nor at the time of the hearing on November 9, 1953, was any

objection made to having the case proceed before the second division. We may add that we know of no procedure whereby another judge may be assigned to a division of three judges.

In connection with plaintiff's contention that "he has not had a fair and impartial trial, that he has been harmed, and that he has been denied due process of law in violation of his rights under the Fifth Amendment," the attention of the court has been invited to "See authorities cited in *Geo. S. Bush & Co.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175; and *United States* v. *Nugent*, 100 Fed. (2nd) 215," but without comment on any of the cases.

This court, in a very able and elaborate opinion in the *Bush* case, *supra* (decided May 23, 1949), gave expression to the following views which have an important bearing here—

* * * It is true that this procedure results in a decision ofttimes by divisions of three judges none of whom have personally seen the witnesses or heard their testimony, but due process of law does not require that the judge or division of judges which makes the findings of fact and renders judgment actually see and hear the witnesses in a case; and, besides, the disadvantages occasioned by such method of procedure are more imaginary than real and are far outweighed by prompt dispatch of the court's business, freedom from unwieldiness of operation, economy of time, effort, and public money saved thereby. That such method of procedure is legally as well as practically justified is demonstrated by the more than 58 years it has been in satisfactory use and its universal acceptance by the bench, bar, legislature, and litigants involved. All that due process requires is that the proceeding or hearing be appropriate, practicable, and reasonable in the particular case. *Hagar* v. *Reclamation Dist.*, 111 U. S. 701, 28 L. ed. 569; 12 Am. Jur. p. 303, sec. 608. The Customs Court procedure is appropriate, practicable, and reasonable. And where a course of procedure has been so long followed by the court, such fact alone argues legislative authority therefor. *Tower Manufacturing & Novelty Co.* v. *United States*, 6 Ct. Cust. Appls. 267, 270, T. D. 35478.

See also *Ignazio Ridino* v. *United States*, 61 Treas. Dec. 1006, T. D. 45669 (decided May 17, 1932).

The *Nugent* case, *supra* (decided December 16, 1938), presented an entirely different state of facts from those before us in the instant case. That case arose under the Tucker Act (28 U. S. C. § 41 (20)), and involved the alleged appropriation by the United States of private property. It appears that after the district judge who had tried the case had retired another district judge, acting under a general designation, made findings of fact and conclusions of law based upon the record previously made. The Circuit Court of Appeals, Sixth Circuit, on reviewing the case, cited the following provision of the Tucker Act (28 U. S. C. § 764)—

It shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon. * * *

The Circuit Court of Appeals, in finding that the judgment below was invalid, held that the Tucker Act, *supra*, impliedly required that the same judge who heard the case should make the findings and conclusions, and, further, the mandatory requirement that a written opinion be filed in the case was not met by the meager findings of fact and conclusions of law which were the basis of the trial court's judgment.

From the foregoing, it is apparent that the *Nugent* case, *supra*, is clearly distinguishable in fact and in law from the instant case, primarily because the two proceedings are under two very different statutory procedures,[1] and, secondly, that the statutory basis of procedure in the Customs Court "is legally as well as practically justified is demonstrated by the more than 58 years it has been in satisfactory use and its universal acceptance by the bench, bar, legislature, and litigants involved," as was pointed out in the *Bush* case, *supra*.

---

[1] Cf. 28 U. S. C. § 254.

From time immemorial, so far as the United States Customs Court and its predecessor, the Board of General Appraisers, are concerned, by virtue of the structure of this court and its duties at New York and on circuit, the situation prevailing here as to the hearing and the determination of the present controversy has obtained in hundreds of cases.

There is no basis for plaintiff's assumption, and it is not the fact, that the decision and judgment of this court in the instant case were predicated on testimony favorable or unfavorable to the character, reputation, or credibility of said Charia or of defendant's witness Yurkovich. No reference thereto is contained either in the briefs filed in the case or in the decision of the court.

Upon a full consideration of the motion to set aside and vacate the decision and judgment of this court in the above three protests and for a retrial, filed by Tompkins & Tompkins, attorneys for the plaintiff, and the affidavit of Allerton deC. Tompkins in support thereof, and the memorandum of Warren E. Burger, Assistant Attorney General, Civil Division, in opposition thereto, and upon all other papers and proceedings had herein and due deliberation having been had thereon, it is hereby

ORDERED, ADJUDGED, and DECREED that the plaintiff's aforesaid motion be, and the same hereby is, denied.